VIRGINIA W. MARSHALL, *et al.* Appellees, *vs.* MARY F. LYNCH, Appellant.

*Opinion filed December 17, 1912.*

1. DEDICATION—*when the maker of a plat and his grantees are estopped to deny dedications.* Where property is subdivided and a plat is made thereof, which is recorded but which fails in some respects to comply with the statute, there is a common law dedication; and if the owner of lots designated on the plat conveys according to the description contained in the plat and by reference thereto, he adopts the plat with all its dedications, and he and those who succeed to his title cannot deny such dedications.

2. SAME—*when failure to reserve easement in a deed is of no significance.* If a private alley over one end of three lots is shown on a plat made by the owner, and all the lots are conveyed by the owner by the description contained in the plat and by reference thereto, all the lots are subject to the easement shown by such plat, even though the deeds to two of the lots expressly reserve such easement whereas the deed to the other lot contains no reference thereto.

3. SAME—*what does not show intention not to dedicate a strip for continuous alley.* The fact that on the plat of certain lots the

lot lines are extended across the strip cut off by the dotted line and designated as a private alley does not show an intention not to dedicate the strip for a continuous alley, but rather that the owner intended to retain the fee of the alley and dedicate only an easement therein.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

FRANCIS X. BUSCH, and FRANK A. ROCKHOLD, for appellant.

LACKNER, BUTZ, VONAMMON & McGREGOR, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Virginia W. Marshall and Patrick O'Connell, the appellees, filed their bill of complaint in the circuit court of Cook county against Mary F. Lynch, the appellant, to compel the latter to remove a fence and gate which closed the opening of an alleged private alley into the street, and for an injunction restraining the appellant from interfering with the use of the alleged private alley by appellees and their tenants. A hearing before the court upon a stipulation of facts resulted in a decree granting the relief sought by the bill. From that decree appellant has appealed to this court.

Appellant is the owner of lot 1 in M. C. Anderson's re-subdivision of lot 1 in Rufus C. Hall's subdivision of part of the east half of the north-east quarter of section 17, in township 40, north, range 14, east of the third principal meridian, in the city of Chicago. This lot is bounded on the north by Wilson avenue and on the west by Sheridan road. Lot 2 of said re-subdivision· adjoins lot 1 on the south and is owned by the appellee Virginia W. Marshall. Lot 3 of the re-subdivision is immediately south of lot 2 and is owned by appellee Patrick O'Connell. The plat of M. C. Anderson's re-subdivision was filed for record in

the recorder's office of Cook county on June 4, 1907, and is as follows, the dimensions, according to the surveyor's certificate, being in feet and decimals of a foot:

The controversy in this case arises out of the claim by appellees, as owners of lots 2 and 3, of the right to pass over the east ten feet of lot 1 as a means of access from the rear of their lots to Wilson avenue. From the stipulation of facts it appears that while M. C. Anderson was the owner of the three lots above mentioned he erected an apartment house on each lot. Afterwards, on October 28, 1907, he conveyed lots 2 and 3, by warranty deed, to John H. Behrens. This deed contained the following provision: "Said lots are subject to an easement for a private alley as shown on the plat of said re-subdivision." Thereafter, on November 17, 1908, Anderson conveyed lot 1 by warranty deed to appellant, Mary F. Lynch. This deed contained no words expressly subjecting said lot to any easement for a private alley. On November 27, 1908,

John H. Behrens conveyed lot 2 by warranty deed to appellee Virginia W. Marshall, and on December 22, 1909, conveyed lot 3 by warranty deed to the appellee Patrick O'Connell. Both of these conveyances were made subject to an easement for a private alley over the east ten feet of lots 2 and 3. The apartment house on lot 1 covers the entire lot except the east ten feet thereof. Shortly after acquiring title to this lot appellant erected a gate across the north end of the ten-foot strip, extending from her apartment building to the east line of lot 1. She keeps this gate locked, and thereby, and by means of a high board fence which she has placed across the south end of the ten-foot strip on lot 1, prevents appellees and their tenants from using that portion of the private alley which is on lot 1. With the private alley closed in this manner, the only means of access from the rear of lots 2 and 3 to a street or highway is by passing over a six-foot strip which lies between the apartment houses on lots 2 and 3 and extends from the rear of the premises to Sheridan road. The north three feet of this passageway are on lot 2 and the south three feet thereof are on lot 3.

The first ground urged for reversal is, that the plat is void because not made in accordance with the statute. A number of reasons are pointed out wherein the plat does not conform to the statute. But one of these possesses any merit, and that is, that the plat fails to refer to some known and permanent monument or a stone placed by the surveyor, from which future surveys may be made. It may be conceded that the plat is not a statutory plat, and still the rights of the parties, so far as this controversy is concerned, are not affected. This plat is of a subdivision of a known tract of land, and from the certificate of the surveyor and the owner the tract can be readily and definitely located. The plat was made by the owner of the property and the lots designated thereon were sold and conveyed by him in reference to it. If the plat failed to

conform to the statute the only result would be that there was no statutory dedication of the alley shown. Where property is subdivided and a plat made thereof which does not comply in every respect with the statute, but which is recorded, there is a common law dedication, and if the owner of lots designated on such plat conveys according to the description contained in the plat, and by reference thereto, he adopts the plat with all its dedications, and he and those who succeed to his title are estopped to deny such dedication. *Ingraham* v. *Brown,* 231 Ill. 256; *Smith* v. *Young,* 160 id. 163; *Thomas* v. *Metz,* 236 id. 86.

It is also contended that under the conveyance it is clear that it was not the plat-maker's intention to subject lot 1 to an easement in favor of lots 2 and 3. In support of this it is pointed out that the buildings on these lots were erected by the plat-maker and that a six-foot space was left between the buildings on lots 2 and 3, extending from the rear of those lots west to the street; but it is not shown wherein that has any bearing upon the question whether the owner intended to subject lot 1 to an easement in favor of the other two lots. We think that fact is of no significance whatever.

It is next contended that the plat-maker conveyed lots 2 and 3 subject to an easement for a private alley over the easterly ten feet thereof, whereas in the conveyance of lot 1 no such reservation was made. In the light of the fact that each of these lots was conveyed with reference to the plat in question, the fact that the reservation was contained in the deed to lots 2 and 3 and was not contained in the deed to lot 1 is of no significance. The easement was created by the filing of the plat and making the conveyance in reference thereto, and the express reservation in the deed to lots 2 and 3 added nothing whatever to the rights of any of the lot owners.

It is further contended that the intention of the plat-maker not to dedicate the east ten feet of the lots shown

on the plat for a continuous alley is indicated by the fact that the lot lines are each extended across the ten-foot strip cut off by the dotted line and designated as a private alley. We do not regard the fact that the plat was so made to be significant of anything except that the owner, by thus indicating the lot lines, meant to retain the fee of the alley and to dedicate only an easement therein. We think it apparent that it was the intention of the owner to dedicate the east ten feet of the property platted, as a private alley for the benefit of each of the lots designated upon the plat.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*