CLEMENT v. FISHLER et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1916. Decided July 2, 1927.

First Publication of this Opinion.

445. EASEMENTS—Easement may be created by implication, and such easement may subsequently pass by deed without express reference thereto.

Appeal from Common Pleas
Decree for Plaintiff.

Clement & Moor, Toledo, for Clement.

George C. Bryce, Toledo, for Fishler et.

WILLIAMS, J.

Orin C. Clement brought an action in the Court of Common Pleas against Louis Fishler and others, in which he sought to establish his claim to an easement as appurtenant to premises described by him in the petition. The court below found in favor of the defendants and plaintiff appeals.

The evidence shows that the parties are the owners of adjoining lots which front on the north side of Columbia Street and that there is a four family appartment on plaintiff's property and an eight-family apartment on the property of the defendant, Fishler.

At the commencement of this action in the court below and for about 35 years prior thereto, there was a walkway of flagstone extending from the sidewalk in front of the properties, to the rear thereof, 30 inches in width, 3 inches being on the property of the plaintiff and 27 inches on the property of the defendant Fishler. Recently the property of the defendant Fishler has been remodelled from a four-family to an eight family apartment, and,

in connection with the work of remodelling, he has constructed a five-car garage in the rear of his lot and, in order to obtain ingress and egress for automobiles using said garage, he has, since the commencement of this action, torn up the walkway in question and is about to put down a cement driveway, upon his property and extending to his lot line, which would take up and include the 27 inches of the walkway above referred to.

Two apartment buildings, then double houses, and the walkway, were originally constructed by Michael J. Malone, prior to 1892, and at that time he was the owner of both lots. These buildings were about 15 feet apart and remained in the position in which they were originally erected, although changed into apartment houses as stated.

We find, from the deeds in the chain of title, that Michael Malone had owned the two properties for a few years, and that the title to the two pieces became vested in separate owners, and that, on Dec. 22, 1902, Margaret Malone became the owner of both of them. Dec. 17, 1903, she deeded the easterly 50 feet to one Gertrude Faller, through whom the plaintiff derives his title. Margaret Malone, however, retained title to the westerly 50 feet until May 7, 1925, when she deeded it to William Cutler and Louis Fishler, through whom the defendant, Harve W. Fishler derives his title.

During the period of 24 years prior to July 1, 1915, the walkway in question was maintained where it was at the commencement of this suit, and, during that time, served as a common entrance for both houses from Columbia Street to the rear. It appears that, when the plaintiff's predecessor in title acquired title to plaintiff's property on Dec. 22, 1902, the walkway in question was openly and, to the knowledge of both grantor and grantee, used as a common way for the convenience of both. The walkway was reasonably necessary to the use and enjoyment of the land and materially added to its value and when the common owner of both lots deeded away one of them, there was created, in the grantee, an easement by implication.

We think the principle applicable is well stated in 9 R. C. L. 755, Sect. 2 and at page 754 of the same work, Sect. 21; also Sect. 27, page 763.

We think the principle has found sanction in Ohio. Frate et v. Rimenik et, 115 OS. 11; Baker v. Rice, 56 OS. 463; National Exchange Bank v. Cunningham, 46 OS. 575.

When the plaintiff's predecessor in title acquired the property and the easement appurtenant thereto, such easement would subsequently pass by deed without express reference being made therein to the appurtenances. Morgan v. Mason, 20 Ohio, 402.

We are of the opinion that plaintiff, through his predecessors in title, has an easement by implication along the 30 inches which constituted the walkway, which gives him, and those claiming under him, and those who may lawfully visit his premises, the right of ingress and egress, but there is also an easement of like kind existing in the defendant, Harve W. Fishler, and those claiming under and through him. Defendant Harve W. Fishler may improve the walkway and may use the portion on his premises in any way he sees fit, including that of a driveway for automobiles, provided that he does not, in any way, interfere with, or in any degree impair, the easement of the plaintiff and those claiming under and through him.

(Richards and Lloyd, JJ., concur.)