# Richmond

SARAH A. ASHBY AND W. M. CHAMBERS v. LONZA JUSTUS.

January 15, 1945.

Record No. 2869.

Present, All the Justices.

The opinion states the case.

*S. H. & Geo. C. Sutherland*, for the appellants.

*F. W. Smith*, for the appellee.

BROWNING, J., delivered the opinion of the court.

On the 20th day of July, 1943, Sarah A. Ashby, the complainant, filed her bill praying for an injunction, enjoining and restraining Lonza Justus, the defendant, from hauling and removing timber, logs, and their products, over a tract of 50 acres, in Buchanan County, Va., which she claimed to be hers, one half in fee simple by conveyance, and a life estate in the other one half, by inheritance and conveyance. She alleged that the defendant had purchased a tract of 80 acres lying immediately above that owned and occupied by her and that he was contemplating and had actually begun to remove the timber therefrom, with trucks, wagons, tractors, horses and other appliances, over her land, injuring and damaging the same, without any right so to do. She described the source of her title which included a claim

of ownership by adverse possession, enumerating certain elements deemed to constitute such ownership.

The parties are referred to according to their relationship in the trial court.

The defendant demurred to the bill basing his attack upon the contention that she had not shown a paper title upon which adverse possession could be successfully predicated and that the allegations of title by adverse possession were not sufficient to establish it. The defendant also filed his answer in which he alleged that the 50 acre tract, claimed by the complainant, and the 80 acre tract owned by himself, were originally derived from a common source, in that they were both owned, formerly, as well as other contiguous lands, by one, Hiram C. Collins. He further alleged that the road over which he proposed to haul and market the timber from his land, had been used continuously, exclusively, adversely, peaceably and openly by all persons living above the 50 acres, for a long period, to wit, for more than 50 years, such use having been by wagons, sleds, horseback riders, trucks, etc.; that there had never been any question as to the right of the public to so use the said road over the said land until the institution of this suit. He claimed the right to its use by prescription, necessity, implication and its dedication for public use by the owners of the said 50 acres.

The evidence shows that the topography of the County of Buchanan is extremely mountainous. It is rich in minerals and timber values but has little level land. The place of the road here involved is but a mountain pass. Flowing through it is what is known as Laurel Creek and at the upper boundary line of the 50 acre tract is what is called the Forks of Laurel, one fork of the creek to the left and the other to the right.

The evidence shows that when once one is in this pass there are only two ways of getting out, one to come out over the disputed road into the county and the other to scale the mountain and go into the state of West Virginia which lies to the west of the lands described. The road

does not continue over the mountain. That would be highly impractical on account of the expense of its projection and the steepness of the ascent. When the former owner, Hiram C. Collins, conveyed away the tracts of land which have been described and the residue of his landed estate was partitioned the only way that the respective owners had to get out was by means of the now disputed road, hence its claim by the defendant by implication and by necessity.

The trial court upon the bill and answer and the evidence, submitted in the form of depositions, decreed that the complainant was not entitled to the relief prayed for and dismissed the bill at the cost of the complainant, Sarah Ashby, and W. M. Chambers. Chambers is the son of Sarah Ashby and is the fee simple owner of the 50 acre tract of land and the evidence shows that he was the instigator of this suit and has been active in prosecuting it to its present stage.

The evidence appears to justify every claim which the defendant makes to the right to an easement of way over the land in question, but it is only necessary, we think, to concern ourselves with the right by necessity for that disposes of the case.

In 17 Am. Jur., Easements, par. 48, this is said: "A way of necessity is an easement arising from an implied grant or implied reservation; it is the result of the application of the principle that wherever a party conveys property, he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses." Continuing it is said: "The fact of the necessity of a way is of great importance in determining whether an easement of way should be implied * * * ."

The above question was employed with approval in the quite recent case of *Jennings* v. *Lineberry*, 180 Va. 44, 48, 21 S. E. (2d) 769, Mr. Justice Gregory delivering the opinion. As we have seen both tracts of land, referred to, were conveyed to grantees by Hiram C. Collins, in fact, this is admitted by the complainant.

The evidence is abundant to show the necessity of the way.

First, it is shown that it is the only way out of Laurel Fork for persons residing above the 50 acre tract or for persons owning land and timber to market their products;

Second, many years prior to this controversy there was a public school above the said tract of land and witnesses testified that fifty or more years ago they attended that school, further, a man named Noah Justus had and operated a store above the said land. Attendants of the school and customers of the store, of necessity used the road.

Third, the owners of the timber on the Hiram C. Collins lands manufactured it and marketed it over the road in question. It was the only way of ingress and egress they had. The character of use that has been exercised and enjoyed over the road unquestionably shows the necessity of its existence. We are aware of the fact that a way of necessity will not be decreed unless the evidence showing the need therefor is clear and convincing. The evidence in this case meets this exaction.

It was said in the case of *Pryor* v. *East*, 150 Va. 231, 142 S. E. 361:

"In Minor on Real Property, page 127, it is said that to constitute an easement the way must be '(1) apparent, (2) continuous, and (3) reasonably necessary to the enjoyment of the dominant tract.'"

The existence of each of these requisite elements is plainly shown by the evidence and the presence of an implied grant or implied reservation arising out of the Hiram C. Collins conveyances is readily seen. The judgment of the trial court is plainly right.

The relation of W. M. Chambers to this suit has already been noted. It was not error to decree costs against him, although he was not a formal party thereto.

There is abundant authority for this: Code 1942, Sec. 3526; Am. Jur. Vol. 14, p. 19, Section 29; *Western Union Tel. Co.* v. *First Nat. Bank*, 116 Va. 1009, 1013, 83 S. E.

424; *Eastern State Hospital* v. *Graves*, 105 Va. 151, 153, 52 S. E. 837, 3 L. R. A. (N. S.) 746; *Pates* v. *St. Clair*, 11 Gratt. (52 Va.) 22; *Hayes* v. *Virginia Mut. Protection Ass'n*, 76 Va. 225, 229.

*Affirmed.*