SOUTH EUCLID FRATERNAL ORDER OF POLICE, LODGE 80, ET AL.,
APPELLANTS, *v.* D'AMICO, MAYOR, ET AL., APPELLEES.

[Cite as South Euclid Fraternal Order of Police, Lodge 80 *v.* D'Amico
(1987), 29 Ohio St. 3d 50.]

(No. 86-864—Decided March 25, 1987.)

*Joseph W. Diemert, Jr. & Associates Co., L.P.A., Joseph W. Diemert, Jr.* and *William F. Schmitz,* for appellants.

*Victor E. DeMarco* and *Robert P. DeMarco,* for appellees.

HILDEBRANDT, J. The issue before this court is whether there was a court order in existence on December 26, 1984 that could form a basis for holding the city in contempt when it enacted Ordinance No. 29-84 on that date. We conclude that there was no such order and affirm the judgment of the court of appeals.

To begin our analysis, we observe that appellants' challenge to Ordinance No. 49-80 was in the form of a declaratory judgment action. Appellants were seeking a declaration from the trial court concerning their rights under that ordinance, as permitted by R.C. 2721.03.[5] While the trial court found for the city, the court of appeals declared the ordinance unconstitutional and directed the trial court to enter judgment for appellants. We agree with the court below that there is no order of record that affirmatively directs the city to act or to refrain from taking any action concerning sick-leave benefit ordinances.

R.C. 2705.02 reads in pertinent part:

---

[5] R.C. 2721.03 provides, *inter alia,* that any person whose rights, status, or other legal relations are affected by a municipal ordinance may have determined any question of construction or validity arising under such ordinance and obtain a declaration of rights, status, or other legal relations thereunder.

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]"

In *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55, 56 O.O. 2d 31, 271 N.E. 2d 815, this court held in the first paragraph of the syllabus:

"Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions."

In the instant case, there was no court order of record affirmatively directing how the city was to proceed in regard to ordinances regulating the appellants' sick-leave benefits. Therefore, we hold that in a declaratory judgment action contesting the constitutionality of an ordinance, an entry granting judgment to plaintiffs without expressly directing the defendants to do, or refrain from doing, a particular thing or things, cannot be the basis of finding the defendants in contempt upon the enactment of subsequent legislation, allegedly containing the same or similar infirmities. Accordingly, we affirm the judgment of the court of appeals.[6]

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HILDEBRANDT, J., of the First Appellate District, sitting for HOLMES, J.

DOUGLAS, J., concurring. I concur with today's holding that there can be no finding of contempt against a defendant for failure to comply with a court order where, as here, no order directing the defendant to act or refrain from acting has been issued.

I write separately to express my concerns with the city's course of conduct with regard to sick-leave benefits for its safety forces. The city's persistent efforts, in the face of repeated judicial remonstrance, to curtail such benefits or limit their availability in a manner contrary to state law strike me as unseemly at best. It is disconcerting to discover that a city, which we would naturally expect to abide by the spirit as well as the letter of the law, would engage in such a relentless campaign. One can only hope that the continuing specter of costly litigation will encourage the city to exercise more restraint in drafting future ordinances in this area.

WRIGHT and H. BROWN, JJ., concur in the foregoing concurring opinion.

---

[6] In so holding, we do not address the question of whether the ordinance *sub judice* was enacted in contravention of R.C. 124.38.