BARNETT, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *Barnett v. Ohio Adult Parole Auth.* (1998), 81 Ohio St.3d 385.]

(No. 97–887—Submitted March 25, 1998—Decided April 22, 1998.)

386

*Ken Murray,* for appellant.

*Betty D. Montgomery,* Attorney General, and *D.J. Hildebrandt,* Assistant Attorney General, for appellee.

*Per Curiam.* Barnett asserts that the court of appeals erred in granting appellees' motion for summary judgment and denying the writ of habeas corpus. Barnett claims that he is entitled to a writ of habeas corpus because following the reversal of his 1991 conviction and sentence for involuntary manslaughter, the APA lacked authority to reparole him under more stringent conditions than his previous parole conditions. Barnett's claim, however, is meritless for the following reasons.

First, the court of appeals' reversal of Barnett's involuntary manslaughter conviction did not remove all factual support for his parole revocation. Parole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *Zanders v. Anderson* (1996), 74 Ohio St.3d 269, 272, 658 N.E.2d 300, 302; *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 132, 564 N.E.2d 1060, 1062. As the court of appeals' opinion revealed, reversal of Barnett's involuntary manslaughter conviction did not remove all factual support that he had violated his parole by engaging in criminal conduct. See *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 193, 672 N.E.2d 654, 657. The APA could have appropriately considered evidence that Barnett had been driving while intoxicated when it reparoled Barnett and imposed special conditions relating to substance abuse.

Second, we cannot consider Barnett's evidence that the common pleas court subsequently determined that he was wrongfully imprisoned on the involuntary manslaughter conviction. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244.

Third, Barnett's reliance on R.C. 2967.15 and *Williams v. Morris* (1992), 62 Ohio St.3d 463, 584 N.E.2d 671, to support his claim is misplaced. R.C. 2967.15 and *Williams* prohibit the imposition of new parole conditions only if the APA fails to determine within a reasonable time whether the parolee violated conditions of parole. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. The APA did not fail to render its determination within a reasonable time here.

Finally, Barnett has no right to be released before the expiration of his 1981 sentence, and he does not specifically challenge his numerous parole revocations following the reversal of his 1991 involuntary manslaughter conviction and sentence. See *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453, 453–454.

Based on the foregoing, the court of appeals did not err by granting summary judgment in favor of appellees and denying the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*


MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.