[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 385.]

BARNETT, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY ET AL.,

APPELLEES.

[Cite as *Barnett v. Ohio Adult Parole Auth.*, 1998-Ohio-434.]

*Criminal procedure—Revocation of parole—Mandamus to compel Ohio Adult Parole Authority and relator's prison warden to release him from custody denied, when.*

(No. 97-887—Submitted March 25, 1998—Decided April 22, 1998.)

APPEAL from the Court of Appeals for Ross County, No. 96CA2240.

————————————

{¶ 1} In 1981, appellant, Clarence R. Barnett, was convicted of aggravated robbery and felonious assault, and sentenced to concurrent prison terms of five to twenty-five years and five to fifteen years.  In June 1991, while on parole, Barnett erratically drove his automobile, containing four passengers, and after several near collisions, he struck a vehicle traveling in the opposite direction in Seneca County. The front-seat passenger in Barnett's automobile died from injuries sustained in the collision. In December 1991, Barnett was convicted of involuntary manslaughter under R.C. 2903.04(B), and he was sentenced to a term of four to ten years.

{¶ 2} In 1993, the Court of Appeals for Seneca County reversed Barnett's 1991 conviction and sentence, holding that there was insufficient evidence of involuntary manslaughter because the minor misdemeanors committed by Barnett did not constitute  misdemeanor offenses for purposes of the applicable version of the involuntary manslaughter statute, R.C. 2903.04(B). *State v. Barnett* (May 7, 1993), Seneca App. No. 13-92-3, unreported, 1993 WL 157796; see, also, *State v. Collins* (1993), 67 Ohio St.3d 115, 616 N.E.2d 224, syllabus ("A minor misdemeanor may not serve as the underlying predicate offense for purposes of the

involuntary manslaughter statute, R.C. 2903.04[B].").[1]  In reversing Barnett's conviction and sentence, the court of appeals emphasized:

"Testimony at trial, if believed, suggests that at the time of the fatal collision, Barnett was driving while intoxicated after having drunk a substantial quantity of beer during the trip and that he had used crack cocaine shortly before commencing the automobile journey from Columbus to Fremont.  The state, however, did not undertake proof that Barnett was driving while under the influence of alcohol or drugs or both, a violation of R.C. 4511.19(A)(1) and a first degree misdemeanor." *Barnett*.

{¶ 3} In October 1993, we affirmed the judgment of the court of appeals. *State v. Barnett* (1993), 67 Ohio St.3d 449, 619 N.E.2d 1016.  In January 1994, Barnett was paroled and given additional special parole conditions, including attendance in a substance-abuse program.  These special conditions were more stringent than Barnett's prior parole conditions.

{¶ 4} In May 1994, appellee, Ohio Adult Parole Authority ("APA"), arrested Barnett for violating his parole by using cocaine and consuming alcohol and rereleased Barnett on parole to the Comp Drug Community Corrections Program.   The APA again arrested Barnett for violating his parole in September 1994 and revoked his parole.  In March 1995, the APA reparoled Barnett. In November 1995, the APA again arrested Barnett for violating his parole, this time for assaulting another person and failing to report to his parole officer.  The APA found Barnett guilty of the violations, revoked his parole, and continued his confinement until November 1998.

---

1. The General Assembly subsequently amended R.C. 2903.04(B) to expand the definition of "involuntary manslaughter" to include manslaughter predicated on a minor misdemeanor offense. 145 Ohio Laws, Part III, 5117, effective September 29, 1994.  R.C. 2903.04(B) now provides that "[n]o person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of the first, second, third, or fourth degree or a minor misdemeanor."

{¶ 5} In 1996, Barnett filed a *pro se* petition in the Court of Appeals for Ross County. Barnett requested a writ of habeas corpus to compel appellees, the APA and Barnett's prison warden, to release him from custody. Appellees moved to dismiss Barnett's petition pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, attaching certified exhibits to their motion. The court of appeals converted appellees' motion to dismiss to a motion for summary judgment and gave the parties notice of the conversion. In 1997, the court of appeals granted appellees' motion for summary judgment and denied the writ.

{¶ 6} This cause is now before the court upon an appeal as of right.

———————————

*Ken Murray*, for appellant.

*Betty D. Montgomery*, Attorney General, and *D.J. Hildebrandt*, Assistant Attorney General, for appellee.

———————————

**Per Curiam.**

{¶ 7} Barnett asserts that the court of appeals erred in granting appellees' motion for summary judgment and denying the writ of habeas corpus. Barnett claims that he is entitled to a writ of habeas corpus because following the reversal of his 1991 conviction and sentence for involuntary manslaughter, the APA lacked authority to reparole him under more stringent conditions than his previous parole conditions. Barnett's claim, however, is meritless for the following reasons.

{¶ 8} First, the court of appeals' reversal of Barnett's involuntary manslaughter conviction did not remove all factual support for his parole revocation. Parole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *Zanders v. Anderson* (1996), 74 Ohio St.3d 269, 272, 658 N.E.2d 300, 302; *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 132, 564 N.E.2d 1060, 1062. As the

court of appeals' opinion revealed, reversal of Barnett's involuntary manslaughter conviction did not remove all factual support that he had violated his parole by engaging in criminal conduct. See *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 193, 672 N.E.2d 654, 657. The APA could have appropriately considered evidence that Barnett had been driving while intoxicated when it reparoled Barnett and imposed special conditions relating to substance abuse.

{¶ 9} Second, we cannot consider Barnett's evidence that the common pleas court subsequently determined that he was wrongfully imprisoned on the involuntary manslaughter conviction. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244.

{¶ 10} Third, Barnett's reliance on R.C. 2967.15 and *Williams v. Morris* (1992), 62 Ohio St.3d 463, 584 N.E.2d 671, to support his claim is misplaced. R.C. 2967.15 and *Williams* prohibit the imposition of new parole conditions only if the APA fails to determine within a reasonable time whether the parolee violated conditions of parole. See *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. The APA did not fail to render its determination within a reasonable time here.

{¶ 11} Finally, Barnett has no right to be released before the expiration of his 1981 sentence, and he does not specifically challenge his numerous parole revocations following the reversal of his 1991 involuntary manslaughter conviction and sentence. See *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 492, 687 N.E.2d 453, 453-454.

{¶ 12} Based on the foregoing, the court of appeals did not err by granting summary judgment in favor of appellees and denying the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————