[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 189.]

MOORE, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *Moore v. Leonard*, 1999-Ohio-455.]

*Habeas corpus to compel prison warden to reparole relator after revocation of parole—Petition dismissed, when.*

(No. 98-2631—Submitted March 10, 1999—Decided April 7, 1999.)

APPEAL from the Court of Appeals for Allen County, No. 1-98-58.

_____

{¶ 1} According to appellant, Ronald Moore, he was released from prison on parole in 1996. In 1997, Moore was arrested and charged with possession of drugs, possession of criminal tools, carrying a concealed weapon, and having a weapon while under a disability. In May 1997, following a parole revocation hearing, the Ohio Adult Parole Authority ("APA") revoked Moore's parole. The APA found that Moore had violated his parole conditions by carrying a box containing approximately twenty pounds of marijuana and being a passenger in a van where a box of marijuana was within his reach. In November 1997, the Cuyahoga County Court of Common Pleas dismissed without prejudice the 1997 charges against Moore. The APA refused Moore's requests that he be reinstated on parole because the charges leading to his revocation had been dismissed.

{¶ 2} In 1998, Moore filed a petition for a writ of habeas corpus to compel appellee, his prison warden, to reparole him. In November 1998, the court of appeals *sua sponte* dismissed Moore's petition. The court of appeals held that Moore's petition failed to state a claim upon which a writ of habeas corpus can be granted. The court of appeals noted:

"In the instant case, it is clear that based upon the allegations and documents attached by petitioner that all factual support for the revocation of his parole was not removed by dismissal of the charges. Petitioner's parole was revoked based on

the finding that he failed to act as a responsible law abiding citizen by virtue of his arrest, and based on petitioner's possession or control of a narcotic drug."

————————————

*Ronald Moore*, pro se.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

————————————

**Per Curiam.**

{¶ 3} We affirm the judgment of the court of appeals for the reasons stated in its judgment entry. Parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760. In order to avoid dismissal of an improper-revocation claim based on the foregoing exception, an inmate must plead specific facts to show how dismissal of the criminal charges removed all factual support for the parole revocation. *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. Moore, however, did not plead specific facts showing that all factual support for his parole revocation had been removed by the dismissal of his criminal charges. In fact, the attachments to his petition established that not all factual support for his revocation had been removed by the dismissal of his criminal charges. See *Barnett v. Ohio Adult Parole Auth.* (1998), 81 Ohio St.3d 385, 387, 692 N.E.2d 135, 136-137.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————