OPINION
{¶ 1} Plaintiff-appellant Dawn Ryan appeals from an order of the trial court finding her to be in contempt, and awarding attorneys fees in the amount of $750. Ryan contends that the finding of contempt is against the manifest weight of the evidence, that she has been found to have been in contempt of an order that does not exist, and that there is no evidence to support the award of attorneys fees.
 {¶ 2} Ryan was ordered to show cause why she should not be held in contempt for her "failure to comply with the prior ORDERS" of the trial court. Specifically, she was accused of having failed to permit defendant-appellee Lon Ryan, the non-residential parent, to have communication with his children while they were in Ms. Ryan's custody, and by having failed to provide Mr. Ryan, upon his request, with updated names of the children's care providers. The trial court found against Ms. Ryan on these factual issues, and there is evidence in the record to support the trial court's finding. However, we agree with Ms. Ryan that there is no order of the trial court in the record with which her acts failed to comply. Accordingly, the judgment of contempt is reversed and vacated.
 I {¶ 3} The Ryans were married in 1990 in Illinois. There are two children of the marriage, Sean Christopher Ryan, born September 2, 1993, and Christopher James Ryan, born November 18, 1994. The parties were divorced in Greene County, Ohio, by entry filed July 27, 1999. Ms. Ryan was named the residential parent of the children, with a standard order of visitation by Mr. Ryan.
 {¶ 4} Mr. Ryan subsequently filed a motion to reallocate parental rights and responsibilities, seeking to be named the residential parent. By this time, Ms. Ryan was living in Huber Heights, Ohio, and Mr. Ryan was living in Rapid City, South Dakota. Following a hearing, the trial court entered an order continuing Ms. Ryan as the residential parent, but making certain adjustments to visitation, based upon the fact that Mr. Ryan was now living out of the state.
 {¶ 5} In April, 2002, Mr. Ryan filed a motion for an order requiring Ms. Ryan to show cause why she should not be held in contempt. That motion contained the following specific allegations:
 {¶ 6} "1. Refused to allow Court Ordered visitation between Petitioner Lon S. Ryan and the minor children, Sean Christopher Ryan * * * and Christopher James Ryan * * *.
 {¶ 7} "2. Refused to allow correspondence between Petitioner Lon S. Ryan and the minor children, Sean Christopher Ryan * * * and Christopher James Ryan * * *.
 {¶ 8} "3. Refused to update Petitioner Lon S. Ryan regarding the names, addresses and telephone numbers of teachers, therapists, and medical providers."
 {¶ 9} The trial court entered an order requiring Ms. Ryan to appear and show cause why she "should not be held in civil or criminal contempt for [her] failure to comply with the prior ORDERS of this Court as set forth in the MOTION TO SHOW CAUSE."
 {¶ 10} Thereafter, the parties appeared for hearing. Mr. and Ms. Ryan both testified at the hearing. The testimony of the parties was in conflict on Mr. Ryan's factual allegations. The trial court found against Ms. Ryan, finding her to be in contempt of court, and awarding attorneys fees in the amount of $750. No other sanction was imposed. Ms. Ryan then moved for findings of fact and conclusions of law. The trial court ordered each party to submit proposed findings of fact and conclusions of law. After each party had done so, the trial court adopted Mr. Ryan's proposed findings of fact and conclusions of law.
 {¶ 11} From the order finding her in contempt and awarding attorneys fees, Ms. Ryan appeals.
 II {¶ 12} Ms. Ryan's First Assignment of Error is as follows:
 {¶ 13} "The Court Has Abused Its Discretion By Finding The Plaintiff In Contempt Of An Order That Did Not Exist."
 {¶ 14} Ms. Ryan asserts that she has never been ordered to permit or to facilitate communication between Mr. Ryan and the children, and that she has never been ordered to provide him with updated names and information concerning the children's health care providers. Upon review of the record, we agree.
 {¶ 15} Although R.C. 2705.02(A) was not expressly cited in either Mr. Ryan's motion or the order to show cause, it is apparent that that is the statutory contempt provision upon which Mr. Ryan and the trial court relied. That provision is as follows:
 {¶ 16} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 17} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment or command of a court or an officer [.]"
 {¶ 18} To be guilty of contempt for failure to comply with a court order, there must be an order with which the person charged has failed to comply. See South Euclid Fraternal Order of Police,Lodge 80 v. D'Amico (1987), 29 Ohio St.3d 50.
 {¶ 19} Although the initial judgment and decree of divorce orders visitation, neither it, nor the subsequent order modifying the decree, contains any provisions dealing with communications between the non-residential parent and the children. The original judgment and decree of divorce also contains the following provision:
 {¶ 20} "IT IS FURTHER ORDERED that each Party shall have full access to all school, medical and health records of the minor children.
 {¶ 21} "a. Any keeper of a record who knowingly fails to comply with this order or Ohio Revised Code 3109.05.01(H) is in contempt of Court.
 {¶ 22} "b. Any school official, day care provider, or employee who knowingly fails to comply with this order or Ohio Revised Code 3109.05.01(J) is in contempt of Court."
 {¶ 23} Although Mr. Ryan relies upon this provision, there is nothing in this provision that requires either party to provide to the other names or other pertinent information concerning the children's care-providers. Thus, Ms. Ryan cannot be said to have failed to comply with this provision.
 {¶ 24} With reluctance, we conclude that the record fails to portray any order of the trial court with which Ms. Ryan has failed to comply. That she has failed to permit Mr. Ryan to communicate with his children is lamentable. That she has failed to provide Mr. Ryan with timely updates concerning the identity of the children's care providers, in order that he may avail himself of his right to have access to their records, is equally lamentable. These are both facts that the trial court might well consider in connection with a subsequent motion to change the allocation of parental rights and responsibilities. However, neither of these acts or omissions can be deemed to constitute contempt of court, because there is no court order in this record with which Ms. Ryan has failed to comply.
 {¶ 25} Ms. Ryan's First Assignment of Error is sustained.
 III {¶ 26} Ms. Ryan's Second Assignment of Error is as follows:
 {¶ 27} "The Court's Order Is Contrary To The Manifest Weight Of The Evidence."
 {¶ 28} In this assignment of error, Mr. Ryan contends that the trial court's findings that each of Mr. Ryan's allegations were proven by the evidence is against the manifest weight of the evidence. Each of Mr. Ryan's allegations was the subject of conflicting testimony. With respect to each of the three allegations, there is evidence in the record from which the trial court could find that each allegation was proven by a preponderance of the evidence. We have reviewed the entire transcript of the hearing, and we conclude that the trial court's findings against Ms. Ryan on the allegations are not against the manifest weight of the evidence. Accordingly, Ms. Ryan's Second Assignment of Error is overruled.
 IV {¶ 29} Ms. Ryan's Third Assignment of Error is as follows:
 {¶ 30} "There Is No Evidence To Support The Court's Award Of Attorney Fees."
 {¶ 31} Ms. Ryan argues in support of this assignment of error that the trial court could not award attorneys fees without taking evidence and determining the reasonableness of the fees, in accordance withSwanson v. Swanson (1976), 48 Ohio App.2d 85. In view of our disposition of Ms. Ryan's First Assignment of Error, we find it unnecessary to address her Third Assignment of Error.
 {¶ 32} Ms. Ryan's Third Assignment of Error is overruled as moot.
 V {¶ 33} Ms. Ryan's First Assignment of Error having been sustained, her Second Assignment of Error having been overruled, and her Third Assignment of Error having been overruled as moot, the order of the trial court finding Ms. Ryan in contempt, and awarding attorneys fees against her, is Reversed and Vacated.
BROGAN and YOUNG, JJ., concur.