OPINION
{¶ 1} Appellants, Cortland United Methodist Church ("church") and Walter Trumbull, appeal the judgment of the Trumbull County Court of Common Pleas denying their motion to show cause filed against appellees Thomas and Mary Knowles. At issue is whether the Knowles violated a previous court order. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On December 27, 2002, appellants filed the complaint in this matter seeking a declaration that a right-of-way easement granted to Trumbull in 1974 over appellees' property remained in effect. The church also prayed for a declaration that an easement Trumbull granted to it in 2000 on appellees' property without appellees' consent remained in effect. Appellees in their answer and counterclaim denied appellants claims, and prayed for a declaration that the easement granted to Trumbull in 1974 had been abandoned and that the easement Trumbull gave to the church be stricken from the public records as a slander of title.
 {¶ 3} The case proceeded to trial before the magistrate on May 18, 2005. The magistrate made the following findings of fact:
 {¶ 4} When appellees purchased their property at 4365 Ridge Road, Cortland, Ohio in 1974, the transfer was subject to an easement for ingress and egress to and from lands to the west of appellees' parcel across appellees' driveway leading from Ridge Road to the westerly line of appellees' parcel.
 {¶ 5} Trumbull, as owner of the land to the west of appellees' parcel, was the owner of the dominant estate, i.e., the land benefitted by the easement over appellees' property, i.e., the servient estate.
 {¶ 6} Trumbull used the easement only to take farming equipment on his land. Appellees' driveway was fifteen feet wide.
 {¶ 7} In the early 1980s, appellees built a garage on the easement, which obstructed Trumbull's ability to use it. *Page 3 
 {¶ 8} In 1985, appellees and Trumbull discussed the sale by appellees to him of a sixty foot strip of land along the south side of appellees' property, but in February, 1986, appellees decided not to sell this piece of property to Trumbull.
 {¶ 9} Later, in 1986, Trumbull and appellees entered an "oral agreement" whereby he would be permitted to use land along the southern boundary of appellees' land to access his property. Trumbull and appellees intended to move the easement from the area identified in appellees' 1974 deed to an area along the southern boundary of appellees' property. The width of the new easement was twenty feet.
 {¶ 10} In December, 2000, Trumbull conveyed part of his land to the church. The deed purported to convey the "oral easement" between appellees and Trumbull, but described it as being for the use of the southerly sixty feet of appellees' parcel.
 {¶ 11} The church intended to pave the sixty foot strip, and use it for ingress and egress to the new church buildings. The magistrate found that if this happened, it would represent a substantial change in the use and size of the easement from what Trumbull and appellees intended when they entered their agreement in 1986.
 {¶ 12} The magistrate found that the easement reserved in appellees' 1974 deed was abandoned by Trumbull and was thereby terminated. In its place an easement by estoppel was created as a result of Trumbull's reliance on the 1986 agreement between him and appellees in abandoning his 1974 easement. The 1986 easement is described as "an easement for ingress and egress to and from lands west of [appellees'] parcel * * *, which said easement is over, and across a strip of land 20 feet wide running along the southerly boundary line of said parcel." Thus, the new easement was not and was never intended to be sixty feet wide. *Page 4 
 {¶ 13} Trumbull and appellees intended to create a new easement roughly equal in size to the 1974 express easement, and the width of the new easement was twenty feet.
 {¶ 14} To the extent the December, 2000 deed from Trumbull to the church purported to establish an easement along the southern boundary of appellees' property with a width of sixty feet, the magistrate found this constituted a slander of title, and he found appellees were entitled to a declaration that such purported transfer be stricken from the public records.
 {¶ 15} The magistrate filed his findings of fact and decision on May 18, 2005. Appellants did not file objections to the findings, and the court approved his decision and entered judgment thereon on June 17, 2005. Appellants did not appeal that decision. Those findings became final and binding on the parties, and the trial court's jurisdiction of this matter concluded upon entry of its final judgment.
 {¶ 16} Thereafter, on August 19, 2005, the church filed a motion to show cause why appellees should not be held in contempt of the court's June 17, 2005 judgment entry. In its motion the church alleged Trumbulls' easement was transferred to the church when Trumbull sold part of his parcel to it, and that appellees unjustifiably refused to allow the church to use its easement to gain access to its property across appellees' property.
 {¶ 17} The motion was heard by the magistrate on November 23, 2005. Thomas Nader, an attorney and title insurance agent, testified that for the 1986 easement to be limited to farming uses, the court would have to interpret the circumstances surrounding its creation. He testified the conduct of the parties may determine the purpose of the *Page 5 
easement, and that if the easement had only been used by Trumbull for farming, that would determine its purpose. He conceded that Trumbull had used the subject easement for thirty years to transport farm equipment.
 {¶ 18} He testified that if the court determined from the intent of the parties that the only purpose of the easement was for agricultural purposes, Trumbull as the owner of the dominant estate could not later use it for a different purpose.
 {¶ 19} Appellee Thomas Knowles testified that the easement had never been used for anything other than for farming purposes.
 {¶ 20} Following the hearing on the motion, the magistrate made the following findings:
 {¶ 21} An easement by estoppel was created as a result of Trumbull's reliance on the oral agreement he and appellees entered in 1986, regarding the relocation of the 1974 express easement. The easement had been used only for farm purposes since 1974, and the parties intended to limit the easement for such purpose.
 {¶ 22} The use to which the church intended to put the easement was a substantial change in use and size from the easement Trumbull and appellees intended when they entered their oral agreement in 1986. The church does not want to use the easement for farming purposes; instead, the church wants to construct a driveway on the easement to provide access to its new building, a baseball field, parking lot, pavilion, and volleyball and bocce courts.
 {¶ 23} The magistrate thus found appellees' refusal to allow the church access to the easement did not violate the June 17, 2005 judgment entry and did not constitute contempt, and he overruled the motion. *Page 6 
 {¶ 24} The trial court approved the magistrate's decision and entered judgment thereon. Appellants appeal the court's judgment denying the motion for contempt, asserting one assignment of error, as follows:
 {¶ 25} "Whether the Trial Court erred in denying Appellants' Motion to hold Appellees in contempt for refusing to permit Appellants to use an easement across Appellees' lands."
 {¶ 26} While this assignment suggests the issue on appeal concerns the trial court's denial of appellants' motion to show cause, appellants do not argue this issue.
 {¶ 27} App.R. 16 provides that an appellant's brief shall include argument in support of each assignment of error. Appellants have failed to present any argument in support of this assignment, and instead argue that appellants' easement should not have been limited to agricultural purposes and that the church had the right to widen and pave the easement area. These claims could have been but were not addressed in the trial court's June 17, 2005 declaratory judgment entry. Appellants are now attempting to use these contempt proceedings to expand the court's declaratory judgment. This they cannot do.
 {¶ 28} Upon review of this record, it becomes immediately apparent that there never was any basis for appellants' motion to show cause because the court's declaratory judgment did not include any orders directing appellees to undertake any particular acts or prohibiting any action. The sole issue in this case is whether there was a court order in existence at the time appellees refused access to the easement which could serve as a basis for holding appellees in contempt. We hold there never was any such order. *Page 7 
 {¶ 29} R.C. 2705.02 provides:
 {¶ 30} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 31} "(A) Disobedience of, or resistance to, a lawful * * * order, * * * judgment, or command of a court * * *."
 {¶ 32} Contempt of court is a disregard or disobedience of the order of a judicial authority. First Bank of Marietta v. Mascrete, Inc. (1998), 125 Ohio App.3d 257.
 {¶ 33} A prerequisite to a charge of contempt for disobeying a court order is the existence of a valid order. Vegh v. Kish (1964),8 Ohio App.2d 217.
 {¶ 34} Proceedings for contempt for noncompliance will not lie where the order does not expressly address the alleged act of disobedience.South Euclid Fraternal Order of Police, Lodge 80 v. D'Amico (1987),29 Ohio St.3d 50. In D'Amico, the City of South Euclid had passed an ordinance regulating sick leave benefits. Appellants filed a declaratory judgment action challenging the ordinance, and the trial court upheld it. The Eighth Appellate District declared the ordinance unconstitutional. Later, the City passed another ordinance regulating sick leave benefits, and appellants filed a motion for contempt against the City. The trial court denied the motion, holding the City had not committed any act in violation of any specific order. The appellate court affirmed. On appeal the Supreme Court affirmed, holding there was no court order affirmatively directing how the City was to proceed in regard to ordinances regulating appellants' sick leave benefits. The court held:
 {¶ 35} "In a declaratory judgment action contesting the constitutionality of an ordinance, an entry granting judgment to plaintiffs without expressly directing the *Page 8 
defendants to do, or refrain from doing, a particular thing or things, cannot be the basis of finding the defendants in contempt upon the enactment of subsequent legislation, allegedly containing the same or similar infirmities." Id. at syllabus.
 {¶ 36} The Supreme Court followed the ruling in D'Amico inWilliams v. Morris (1991), 62 Ohio St.3d 463, 466-467. Further, this court cited with approval the D'Amico case in In re Cox (Dec. 23, 1999), 11th Dist. No. 98-G-2183 and 98-G-2184, 1999 Ohio App. LEXIS 6266, *7.
 {¶ 37} In the case sub judice, appellants initially sought a declaratory judgment to the effect that the 1974 easement to Trumbull and his December, 2000 easement to the church were valid and enforceable against appellees. The court in its final judgment held that the express easement created in 1974 had been abandoned and was terminated; that an easement by estoppel was created in 1986; and that the 2000 easement to the church constituted a slander of appellees' title to their property. The court dismissed all other claims. However, the trial court never entered an order that affirmatively directed appellees to do an act or to refrain from taking any action concerning the easement. As a result, when appellees refused access to the church, they were not disobeying any order of the court, and their conduct could not form the basis of a contempt charge.
 {¶ 38} Appellants used these proceedings to expand on the court's declaratory judgment. The trial court's declaratory judgment did not address the purpose or size of the easement, and appellants filed their motion for contempt in an effort to cure this omission. The trial court's jurisdiction of the declaratory judgment action terminated upon entry of its final judgment. Appellants were not entitled to pursue contempt *Page 9 
proceedings because they had never requested or obtained an affirmative order directed against appellees. Appellants improperly invited the trial court to expand on its declaratory judgment, and unfortunately, the trial court did so after its jurisdiction in the matter had terminated. We therefore modify the trial court's judgment to reflect its lack of subject matter jurisdiction.
 {¶ 39} For the reasons stated in the Opinion of this court, the assignment of error is not well-taken. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is modified and affirmed as modified.
MARY JANE TRAPP, J., MARY DeGENARO, J., Seventh Appellate District, sitting by assignment, concur. *Page 1