[Cite as *Ohio Power Co. v. Ogle*, 2011-Ohio-3903.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| OHIO POWER COMPANY, | : | |
| | : | Case No. 10CA13/10AP13 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | **Released: July 27, 2011** |
| | : | |
| CHARLES R. OGLE, et al., | : | |
| | : | DECISION AND JUDGMENT |
| Defendants-Appellants. | : | ENTRY |

_____
APPEARANCES:

Ray R. Michalski and D. Joe Griffith, Dagger, Johnston, Miller, Ogilvie &
Hampson, LLP, Lancaster, Ohio, for Defendants-Appellants.[1]

Brian L. Buzby and Daniel B. Miller, Porter Wright Morris & Arthur, LLP,
Columbus, Ohio, for Plaintiff-Appellee.

_____

McFarland, J.:

{¶1}     Defendants-Appellants, Charles R. Ogle and Melanie Ogle, appeal

the decision of the Hocking County Court of Common Pleas finding them in

contempt of court.  They argue that 1) the trial court erred in granting the contempt

motion in favor of Plaintiff-Appellee, Ohio Power; and 2) the amount awarded as

sanctions was not consistent with the gravity of the alleged misconduct.  For the

following reasons, we sustain their first assignment of error and reverse the trial

court's decision.

---

[1]       On 1/21/2011, Dagger, Johnston, Miller, Ogilvie & Hampson, and attorney Joe Griffith, withdrew as
counsel of record for Defendants-Appellants.

## I. Facts

**{¶2}**      In 2007, Ohio Power sought an easement on property owned by Charles and Melanie Ogle ("the Ogles") for the installation of a power line.  The Ogles contested the action.  After a full hearing on the matter, the trial court determined that the taking was necessary and granted the easement to Ohio Power.  A jury subsequently awarded the Ogles monetary compensation for the taking.  On December 11, 2008, the trial court entered its final judgment entry in the case.

**{¶3}**      Both parties appealed the trial court's decision to this court.  During the pendency of the appeal, the Ogles moved multiple times to stay execution of judgment.  In *Ohio Power Co. v. Ogle*, 4th Dist. Nos. 09CA1, 09AP1, 2009-Ohio-5953, we affirmed both the granting of the easement and the award of compensation.  The Ogles then appealed our decision to the Supreme Court of Ohio, but the Court denied the appeal.

**{¶4}**      On August 6, 2009, Ohio Power moved to compel the Ogles to show cause for contempt of court.  Ohio Power also moved for an injunction restraining the Ogles' from interfering with the trial court's final judgment.  Ohio Power claimed that the Ogles had totally blocked access to the granted easement, thus preventing preparations for the installation of the power line.  On August 12, the trial court conducted a hearing on Ohio Power's motion.  After a full hearing, including post-hearing briefs, the court found the Ogles in contempt.  In its August 31, 2009 order, the court stated the following:

{¶5}   "Defendants have willfully disregarded this Court's authority and orders in this action by taking deliberate, intentional, and wrongful actions contrary to and in disregard of the Court's Final Judgment Entry.  Furthermore, given Defendants' flagrant disobedience, the Court further concludes that an injunction is necessary to prohibit Defendants and those acting in concert with them from further interfering with Ohio Power's lawful activity pursuant to the easement granted to Ohio Power in this action."

{¶6}   Ohio Power subsequently moved for attorney's fees and damages related to the contempt of court.  The trial court conducted a hearing on the matter on December 23, 2009.  On June 22, 2010, the court entered judgment against Ogle and her husband in the amount of $25,136.78.  The Ogles appeal the finding of contempt and the award of sanctions in the current appeal.

II. Assignments of Error

First Assignment of Error

> THE TRIAL COURT ERRED, AS A MATTER OF FACT AND LAW, IN FINDING THAT APPELLANTS WERE IN CONTEMPT OF THE TRIAL COURT'S DECEMBER 11, 2008 ORDER GRANTING AN ELECTRIC LINE EASEMENT TO APPELLEE OVER LANDS OF THE APPELLANTS.

Second Assignment of Error

> THE TRIAL COURT ERRED, AS A MATTER OF FACT AND LAW, IN ASSESSING SANCTIONS AGAINST THE APPELLANTS IN THE AMOUNT OF $8,000.00 FOR DAMAGES AND $17,136.78 IN ATTORNEY'S FEES FOR APPELLANTS' ALLEGED CONTEMPT OF THE TRIAL COURT'S DECEMBER 11, 2008 ORDER.

## III. Legal Analysis

{¶7}    In their first assignment of error, the Ogles argue that the trial court erred in finding them in contempt of court.  We agree.

{¶8}    Trial courts have broad discretion in ruling on motions for contempt of court.  As an appellate court, we must uphold the trial court's decision unless there has been an abuse of discretion.  *In re T.B.*, 4th Dist. No. 10CA04, 2010-Ohio-2047, at ¶37;  *State ex rel. Ventrone v. Birkel* (1981) 65 Ohio St.2d 10, 11, 417 N.E.2d 1249.  Abuse of discretion is more than an error of judgment.  Rather, it indicates that a ruling was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court.  *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶9}    Contempt of court may be defined as disobeying or disregarding a court order or a command of judicial authority.  *In re T.B.* at ¶38.  "It involves conduct that engenders disrespect for the administration of justice or which tends to embarrass, impede or disturb a court in the performance of its function."  Id. "Proceedings in contempt are intended to uphold and ensure the effective administration of justice, secure the dignity of the court and affirm the supremacy of law."  Id.

{¶10}   Contempt of court may be classified as civil or criminal depending on the penalty imposed and on the trial court's rationale for the finding.  Criminal contempt proceedings serve to punish the offender, and also to vindicate the authority of the legal system.  Id. at ¶39, citing *Scherer v. Scherer* (1991), 72 Ohio App.3d 211, 214, 594 N.E.2d 150.  Conversely, civil contempt proceedings serve a remedial or coercive function and are for the benefit of the complainant.  "Civil contempt exists when a party fails to do something ordered by a court for the benefit of an opposing party."  *In re T.B.* at ¶40.  "A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order."  *Porter v. Porter*, 4th Dist. No. 07CA3178, 2008-Ohio-5566, at ¶21, citing *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140, 472 N.E.2d 1085.  There must be clear and convincing evidence to support a finding of civil contempt.  *In re T.B* at ¶40.

{¶11}   However, "[p]roceedings for contempt for noncompliance will not lie where the order does not expressly address the alleged act of disobedience."  *Cortland United Methodist Church v. Knowles*, 11th Dist. No. 2006-T-0110, 2007-Ohio-3383, at ¶ 34, citing *South Euclid Fraternal Order of Police, Lodge 80 v. D'Amico* (1987), 29 Ohio St.3d 50, 52, 505 N.E.2d 268.  See, also, *Williams v. Morris* (1991), 62 Ohio St.3d 463, 466, 584 N.E.2d 671.

{¶12}   Here, the trial court found the Ogles in contempt of its December 11, 2008, final judgment entry.  The entry awarded Ohio Power an easement on the

Ogles' property and specified Ohio Power's authority to use the easement. It contained a list of specific acts the from which the Ogles were to refrain, such as placing buildings, structures, piles, or debris within the easement. The entry contained no general provision and no injunction against the Ogles that generally prohibited them from interfering with the easement.

{¶13}   Ohio Power's arguments cite numerous acts by the Ogles that allegedly violated the trial court's final entry. For example, the Ogles had a township trustee inform Ohio Power it was operating without a necessary permit; the Ogles fired guns on their property; the Ogles allegedly removed stakes that marked the easement's boundaries; Melanie Ogle allegedly drove her truck at an Ohio Power employee; and the Ogles blocked the easement with vehicles and animals.

{¶14}   Yet none of these alleged acts were specifically prohibited by the trial court's final judgment entry. Even taking all of the allegations against the Ogles as true, the Ogles did nothing the entry expressly prohibited, nor did they fail to do anything the entry expressly commanded. Thus, there was no basis for the trial court to find the Ogles had violated its entry, and the trial court abused its discretion in finding the Ogles in contempt. Accordingly, we sustain the Ogles first assignment of error.

{¶15}   Moreover, if Ohio Power believed the Ogles were interfering with the use and enjoyment of the easement, Ohio Power had a remedy by filing suit for

interference with easement: the owner of the servient estate may not interfere with the dominant estate's use and enjoyment of the easement. See *Bayersdorfer v. Winkler*, 7th Dist. Nos. 860, 871, 2003-Ohio-3296, at ¶ 20; *Columbia Gas Transm. Corp. v. Bennett* (1990), 71 Ohio App.3d 307, 319, 594 N.E.2d 1; *Rueckel v. Texas E. Transm. Corp.* (1981), 3 Ohio App.3d 153, 158, 444 N.E.2d 77; *Roebuck v. Columbia Gas Transm. Corp.* (1977), 57 Ohio App.2d 217, 386 N.E.2d 1363; *Clement v. Fishler* (1927), 28 Ohio App. 392, 397, 162 N.E. 706. We take no position on whether Ohio Power would be successful in such an action, but rather highlight contempt was neither the appropriate nor sole means to resolve the matter.

{¶16} Finally, given our resolution of the Ogles' first assignment of error, the Ogles' second assignment of error is moot and we reverse the trial court's judgment.

**JUDGMENT REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that the Appellants recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents.


For the Court,


BY:  _____
Matthew W. McFarland, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**