[Cite as *Bucci v. Bucci*, 2013-Ohio-1689.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

AMANDA D. BUCCI nka ATWELL      :

     Plaintiff-Appellant          :   C.A. CASE NO.   2012 CA 63

v.                            :   T.C. NO.   04DR368

THOMAS P. BUCCI           :   (Civil appeal from Common
                                         Pleas Court, Domestic Relations)

     Defendant-Appellee      :

                                     :

. . . . . . . . . .

## O P I N I O N

Rendered on the     26th     day of      April     , 2013.

. . . . . . . . . .

PATRICIA CAMPBELL, Atty. Reg. No. 0068662, 90 E. Franklin Street, Bellbrook, Ohio 45305
     Attorney for Plaintiff-Appellant

RONALD P. KELLER, Atty. Reg. No. 0016176, 85 W. Main Street, Xenia, Ohio 45385
     Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1} Amanda Bucci Atwell ("Atwell") appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which found her in contempt for interfering with her former husband Thomas Bucci's phone calls with their

daughter. She was sentenced to ten days in jail, but the sentence was suspended on the condition that she facilitate parenting time via telephone or Skype in the future; she was also ordered to pay $300 toward Bucci's attorney fees. Bucci has not filed a brief in this appeal. For the reasons that follow, the judgment of the trial court will be reversed in part and affirmed in part.

{¶ 2} Bucci and Atwell were divorced in 2005, and Atwell was designated the residential parent of their daughter. Both parties are affiliated with the United States Air Force, and they have lived in different parts of the country or the world during much of the time following their divorce. Thus, Bucci's visits with his daughter have generally taken the form of extended stays during summers and breaks from school, as well as attendance at special family events, such as his wedding. The parties appear to have cooperated well with arranging these visits until 2012. At that time, Atwell was living in Colorado, and Bucci was living in Texas.

{¶ 3} In March 2012, Atwell filed a motion with the trial court, which informed the court that her new husband was being deployed to Germany, expressed her intention to move there with him on July 1, and sought, among other things, to modify parenting time in light of this change. Bucci objected to the move, requested a reallocation of parental rights, and sought to hold Atwell in contempt "for her continued violations of th[e] Court's parenting time order." Specifically, Bucci claimed that he had been denied parenting time during the Christmas holidays in 2005, 2007, and 2009 and during the summer of 2010.

{¶ 4} In June 2012, the court held a hearing in the parties' motions. The evidence at the hearing established that Bucci had exercised regular visitation with his

daughter, but that, by agreement, the parties had often deviated from the specific provisions of the court's order to accommodate visits with extended family, attendance at special events, and the like.

{¶ 5} At the end of the hearing, the court stated the following conclusions from the bench:

> [F]irst of all, Mr. Bucci, the requirement for me to find someone in contempt is that I've got to find they knowingly, willingly, intentionally violated a court's order. I don't see that, specifically in light of the fact that your own emails indicate we don't follow the court order, we do this and we do that. And then for you to come back in here and ask me to find her in contempt for not following the letter of the court order is a little bit disingenuous. All right, can't do that. So, there's no contempt.

The court denied Bucci's motion to reallocate parental rights, ordered more

> lengthy visitation for Bucci during school breaks, and established guidelines for the payment of the expenses related to the child's international travel. The court also ordered that Bucci could contact the child a minimum of three times per week via telephone or Skype.

{¶ 6} On October 15, 2012, the trial court filed its judgment entry. Generally, the judgment tracked the trial court's holdings as articulated at the hearing. But with respect to contempt, the judgment stated:

> [Bucci's] motion to find [Atwell] in contempt is **sustained**. [Bucci] testified

to missed holiday parenting time and telephone communication with the minor child. * * * Both admitted to changing parenting time in order to accommodate the other parent's needs and the needs of the child. However, [Atwell] admitted she did not respond to [Bucci's] phone calls because she did not want to disrupt the minor child's "Sister Saturdays"; the child's time spent with her younger sisters.

The court imposed a ten day sentence and suspended the sentence on the condition that Atwell facilitate "parenting time and telephone or SKYPE contact with the minor child" in the future. It also ordered Atwell to pay $300 toward Bucci's attorney fees.

{¶ 7}     Atwell appeals, raising one assignment of error, which encompasses several arguments. She contends that the trial court erred in finding her in contempt because: 1) the trial court's judgment was inconsistent with its statements from the bench, 2) the decree of divorce did not address the issue of telephone contact and did not impose a duty on her to facilitate such communications, and 3) Bucci's motion for contempt did not put her on notice that she might be held in contempt for failing to cooperate with phone contact, as it only addressed the issue of visitations during school breaks. We find merit in some of Atwell's arguments.

{¶ 8}     "To be guilty of contempt for failure to comply with a court order, there must be an order with which the person charged has failed to comply." *Ryan v. Ryan*, 2d Dist. Greene No. 2002-CA-87, 2003-Ohio-2087, ¶ 18, citing *South Euclid Fraternal Order of Police, Lodge 80 v. D'Amico*, 29 Ohio St.3d 50, 505 N.E.2d 268 (1987). Neither the final decree of divorce nor the attached "Greene County Domestic Relations Court Parenting

Time Guideline" specifically addressed the issue of telephone contact with the non-residential parent. (At the time of the divorce, telephone contact was probably not feasible, as the child was very young.) We have held that a residential parent's failure to facilitate the non-residential parent's communication with the children is "lamentable," but we have nonetheless concluded that such a failure does not constitute contempt if the residential parent was never ordered to do so. *Ryan* at ¶ 24.

{¶ 9} Moreover, we agree with Atwell that Bucci's motion did not seek to find her in contempt for failing to facilitate phone communication; the motion stated only that she had failed to comply with the court's order related to visitation during several Christmas breaks and one summer break. Pursuant to R.C. 2705.03, an individual charged with indirect contempt must be provided with the following minimum constitutional due process protections: (1) notice of the charge of indirect contempt; (2) a hearing; (3) defense counsel; and (4) an opportunity to testify and call other witnesses. *Hillman v. Edwards*, 10th Dist. Franklin No. 10AP-950, 2011-Ohio-2677, ¶ 29, citing *Courtney v. Courtney*, 16 Ohio App.3d 329, 332, 475 N.E.2d 1284 (3d Dist. 1984). R.C. 2705.03 also provides that a charge of contempt must be in writing. The failure to provide proper notice to Atwell of the possibility that she would be held in contempt for interfering with Bucci's communication with their daughter also precluded the trial court's finding of contempt.

{¶ 10} Having found that Atwell was never ordered to facilitate telephone communication and had not been notified of Bucci's desire to hold her in contempt for failing to facilitate communication, we need not address the discrepancies between the court's statements from the bench and its judgment entry.

{¶ 11}   Insofar as the trial court's finding of contempt was unfounded and improper,   its order that Atwell pay $300 toward Bucci's attorney fees related to the contempt was also improper.

{¶ 12}   The assignment of error is sustained.

{¶ 13}   The judgment of the trial court is reversed insofar as it held Atwell in contempt and ordered her to pay attorney fees.   In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Patricia Campbell
Ronald P. Keller
Hon. Steven L. Hurley