OPINION
{¶ 1} Appellant, Attorney Mark Gervelis, appeals separate but related rulings issued by appellees, the Honorable Timothy P. Maloney, Judge of the Mahoning County Court of Common Pleas, Probate Division. The court found appellant to be in contempt during the probate proceedings of Shealla Myers, a minor child of which appellant was the counsel of record for the guardianship.
 {¶ 2} In 1991, appellant opened a guardianship for Shealla Myers in order to effect the administration of certain proceeds recovered on behalf of her in a separate personal injury proceeding. Appellant identified himself as counsel for the guardianship. By 1993, Martin Hume joined appellant as counsel for the guardianship. Both lawyers filed with the probate court a joint motion for the payment of fees to them in connection with certain services rendered by them to the guardianship estate. Following the submission and subsequent approval of this motion, appellant did not perform further services for nor received any fees from the guardianship estate. All subsequent services were performed by Attorney Hume. Neither appellant nor Attorney Hume filed a motion with the court seeking formal approval for the substitution of counsel. Likewise, appellant never filed any motions with the probate court for the purposes of removing himself as counsel for the guardianship.
 {¶ 3} On October 31, 2001, the court issued a citation and show cause order directing appellant, as counsel for the guardianship, and guardian Hattie Myers, to appear and answer upon a delinquent account. The order instructed appellant and Hattie Myers to appear before the court and bring the account current, or in the alternative, show cause "why sanction provided by law should not be imposed against them." (Citation Upon Delinquent Account and Orders to Appear and Show Cause, p. 1.) A hearing on this matter was set for December 6, 2001. The date and time of the hearing was set forth in the citation. Hattie Myers received the citation by certified mail on November 2, 2001. Appellant likewise received the citation by certified mail on November 5, 2001.
 {¶ 4} On December 6, 2001, Hattie Myers appeared with Shealla Myers. Appellant did not appear and did not have anyone appear in his place. Appellant maintains that he assumed that Attorney Hume would appear at the hearing as he had performed all services on behalf of the guardianship since 1993. The court maintains that appellant did not contact it in advance of the hearing to express this belief or to give a reason for appellant's failure to show. Likewise, the record does not contain any motions, filed by appellant, for the purposes of withdrawing as counsel for the guardianship.
 {¶ 5} A magistrate presided over the December 6, 2001 hearing. The magistrate prepared a report stating that Attorney Hume was an attorney of record who was not served. The magistrate then ordered the hearing to be rescheduled pending service to Attorney Hume. At this time, the account remained delinquent.
 {¶ 6} Upon reviewing the magistrate's findings, the court overruled the findings and determined that no excuse existed for appellant's failure to appear. The court entered a judgment entry on December 11, 2001, sanctioning appellant. The sanctions included a fine of $150 and an order barring appellant from handling any future probate matters in the court until the delinquent account was brought current. The journal entry set the matter for a January 10, 2002 hearing.
 {¶ 7} Appellant subsequently filed a motion to withdraw as counsel and a motion for reconsideration of the court's contempt order. On January 9, 2002, appellant filed a notice of appeal to this court. The appeal was based on the court's December 11, 2001 journal entry and filed one day prior to the January 10, 2002 hearing. The appeal was assigned case No. 02-CA-06.
 {¶ 8} The court proceeded with its January 10, 2002 hearing, notwithstanding appellant's appeal. At this hearing the court heard the matters of the motions to withdraw and for reconsideration. Appellant was present and represented by counsel. It was at this hearing that appellant first expressed his mistaken belief that Attorney Hume was to attend the December hearing.
 {¶ 9} On January 28, 2002, the court issued a judgment entry affirming the sanction order, denying appellant's motion to withdraw, and further denying appellant's motion for reconsideration. On February 27, 2002, appellant appealed that decision to this court and the appeal was assigned Case No. 02-CA-42.
 {¶ 10} Upon motion, this court subsequently consolidated case No. 02-CA-06 and case No. 02-CA-42.
 {¶ 11} Appellant raises five assignments of error. Appellant's first assignment of error states:
 {¶ 12} "A court cannot summarily find an individual in contempt for a failure to appear at a scheduled hearing. Since a failure to appear is, if anything, an `indirect' contempt, the court must first charge the individual with contempt, and must afford the party a hearing and an opportunity to explain his or her absence."
 {¶ 13} Appellant argues that since the court, without a further hearing, sanctioned appellant, the court denied him the notice and hearing requirements of R.C. 2705.03. Appellees argue that R.C. 2705.03
is inapplicable. Appellees argue that the Rules of Superintendence Rules 77 and 78 in addition to the inherent authority of a court to punish for contempt are controlling.
 {¶ 14} Sup.R. 77 states:
 {¶ 15} "Failure to comply with these rules may result in sanctions as the court may direct."
 {¶ 16} Sup.R. 78 states, in part:
 {¶ 17} "(A) Each fiduciary shall adhere to the statutory or court-ordered time period for filing the inventory, account, and, if applicable, guardian's report. The citation process set forth in section2109.31 of the Revised Code shall be utilized to ensure compliance. The attorney of record and the fiduciary shall be subject to the citation process. The court may modify or deny fiduciary commissions or attorney fees, or both, to enforce adherence to the filing time periods.
 {¶ 18} "* * *
 {¶ 19} "(D) The court may issue a citation to the attorney of record for a fiduciary who is delinquent in the filing of an inventory, account, or guardian's report to show cause why the attorney should not be barred from being appointed in any new proceeding before the court or serving as attorney of record in any new estate, guardianship, or trust until all of the delinquent pleadings are filed."
 {¶ 20} R.C. Chapter 2705 governs contempt of court. As an initial matter, the issue of the applicability of the Rules of Superintendence contrasted with R.C. Chapter 2705 must be resolved.
 {¶ 21} "The Rules of Superintendence of the Supreme Court are purely internal housekeeping rules which do not have a force equivalent to a statute. State v. Gettys (1976), 49 Ohio App.2d 241, 243, 360 N.E.2d 735
[3 O.O.3d 286]. The Superintendence Rules are applicable only so long as they are not in conflict with statute or other governing Supreme Court rules. Berger v. Berger (1981), 3 Ohio App.3d 125, 443 N.E.2d 1375. Similarly, while the courts of common pleas have the inherent power to make reasonable rules regulating practice and procedure in those courts, these rules must not be in conflict with the statutes. Cassidy v.Glossip (1967), 12 Ohio St.2d 17, 231 N.E.2d 64 [41 O.O.2d 153]."Krupansky v. Pascual (1985), 27 Ohio App.3d 90, 92, 27 OBR 110,499 N.E.2d 899.
 {¶ 22} Therefore, the rules and procedure set forth in Chapter 2705 take precedence over the rules cited by appellees. Now, the merits of the court's finding can be reviewed.
 {¶ 23} A trial court's finding of contempt will not be reversed absent an abuse of discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249, 19 O.O.3d 191. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 5 O.B.R. 481. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 24} Contempt has been variously classified as either direct or indirect, criminal or civil. In re Carroll (1985), 28 Ohio App.3d 6, 8. R.C. 2705.01 addresses direct contempt. It reads:
 {¶ 25} "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."
 {¶ 26} R.C. 2705.02, which addresses indirect contempt, provides:
 {¶ 27} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 28} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
 {¶ 29} "The failure to appear at or arriving late to a hearing before the court occurs in the constructive presence of the court rather than the immediate presence of the court and is treated as indirect contempt." State v. Moody (1996), 116 Ohio App.3d 176, 181, 687 N.E.2d 320. Therefore, in this case, contrary to the court's finding, appellant's failure to appear constituted indirect contempt, not direct contempt.
 {¶ 30} In sum, the trial court summarily found appellant guilty of direct contempt. The conduct alleged here falls within the scope of R.C.2705.02(A) as disobedience of a "command of a court or an officer" and, if proved, is therefore indirect contempt. As the conduct alleged would constitute indirect contempt, appellant is entitled to the procedural safeguards established by R.C. 2705.03 et seq.
 {¶ 31} The court did not file a written charge, and appellant was not given an opportunity to defend. Therefore, the court did not follow the proper statutory procedures when it found appellant in contempt of court and punished him. See R.C. 2705.03 et seq.
 {¶ 32} The court's finding of contempt and subsequent sanctioning of appellant without providing appellant with due process as required by R.C. 2705.03 et seq. constitute an abuse of discretion. Accordingly, appellant's first assignment of error has merit.
 {¶ 33} Appellant's second assignment of error states:
 {¶ 34} "Gervelis' failure to appear was not contemptuous in any event, since his absence resulted from an honest but mistaken belief that the hearing would be handled by attorney Hume, as had been the pattern over the previous eight years."
 {¶ 35} Appellant's third assignment of error states:
 {¶ 36} "Once Gervelis had appealed the issue of the validity of the December 11, 2001 contempt citation, the probate court was without jurisdiction to re-impose the contempt thereafter."
 {¶ 37} Appellant's second and third assignments of error are rendered moot by the disposition of appellant's first assignment of error. See App.R. 12(A)(1)(c).
 {¶ 38} Appellant's fourth assignment of error states:
 {¶ 39} "The probate court erred in arbitrarily refusing to allow Mr. Gervelis to withdraw as counsel for the guardianship, since the record was clear that Mr. Hume had been the active counsel in the matter for the preceding eight years."
 {¶ 40} The decision of the probate court not to permit appellant to withdraw as counsel does not constitute an abuse of discretion. It is apparent, from the record, that the court did not grant appellant's withdrawal motion, not because it wished to punish appellant, but rather because the circumstances did not make it a prudent course of action. At no time prior to the current litigation, did appellant attempt to withdraw as counsel for the guardianship. He simply stepped aside and allowed Attorney Hume to act as co-counsel. This arrangement appeared to be entirely satisfactory to appellant up until the commencement of the current court action.
 {¶ 41} Appellant's first attempt to withdraw as counsel did not come until after the probate court commenced proceedings aimed at correcting the delinquencies in the guardianship account. Appellee's decision to deny the motion seems entirely reasonable given these circumstances. Given the delinquent status of the estate, it would be unwise to allow counsel to withdraw from the proceedings as counsel. In this case appellant may possess information pertinent to correcting the deficiencies. Consequently, appellee's decision to deny the motion to withdraw did not constitute an abuse of discretion.
 {¶ 42} Appellant's fourth assignment of error is without merit.
 {¶ 43} Appellant's fifth assignment of error states:
 {¶ 44} "In light of his lack of real involvement in the guardianship, the probate court erred in barring Gervelis from practice in all other probate matters."
 {¶ 45} At oral argument, the parties indicated to this court that this issue had been resolved.
 {¶ 46} Accordingly, appellant's fifth assignment is rendered moot. See App.R. 12(A)(1)(c).
 {¶ 47} The judgment of the trial court is hereby reversed in part and affirmed in part and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Waite, P.J., and DeGenaro, J., concur.