OPINION
{¶ 1} Relator, Philip J. Charvat, commenced this original action requesting a writ of procedendo that orders respondent, Judge Richard A. Frye, to schedule and proceed with a jury trial in Charvat v. Dish TV Now, Inc., FCCP No. 04CVH12-13064 in the Franklin County Court of Common Pleas.
 {¶ 2} Relator's complaint in procedendo derives from the complaint relator filed against Dish TV Now, Inc. and EchoStar Satellite, LLC ("EchoStar") alleging 65 causes of action for violations of the Telephone Consumer Protection Act of 1991, Section 227, et seq., Title 47, U.S. Code ("TCPA"), and its related regulations, and the Ohio Consumer Practices Act, R.C.1345.01 et seq. ("OCSPA"). After ruling on several motions, the court filed a "Journal Entry Ordering [Relator] to Show Cause Why This Case Should Not Be Stayed Indefinitely." Pursuant to the entry, the trial court directed relator to explain why the court should not stay his case or remove it from the active trial docket "until he submits an affidavit attesting to the fact that he has registered all telephone numbers under his custody or control on the national `Do Not Call Registry.'" (Emphasis sic).
 {¶ 3} Relator responded to the order, claiming the court lacked legal authority to so condition the proceedings. Relator further asserted that doing so would deny his right not to register, his due process and equal protection rights, and his right to access the courts. Relator's affidavit, attached to his response, averred: (1) he has not registered his telephone numbers with the national do-not-call registry and does not intend to do so; (2) he has the right not to register his telephone numbers with the national do-not-call registry; (3) he does not oppose all forms of telemarketing, just unlawful telemarketing practices; and (4) he welcomes telemarketing calls offering life insurance and school related products, or pertaining to market research and focus groups.
 {¶ 4} The court found relator's reasoning pretextual to his continued pattern of litigation against telemarketing firms. It explained that relator could easily obtain the limited types of telemarketing information and avoid the vast majority of unsolicited telemarketing calls essential to his lawsuits by registering his telephone numbers on the national do-not-call list and proactively soliciting companies for the desired information. The court indefinitely stayed relator's case until relator registered his telephone numbers on the national do-not-call list. In response, relator filed a complaint in this court requesting a writ that orders respondent to schedule and preside over relator's action in the common pleas court.
 {¶ 5} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate determined respondent abused his discretion by indefinitely staying the underlying case until relator placed his telephone numbers on the national do-not-call registry. Accordingly, the magistrate determined the requested writ should be granted.
 {¶ 6} Respondent filed objections to the magistrate's conclusions of law, maintaining he properly exercised his power to protect the court's integrity and limited resources against an individual who continuously subjects himself to harm for purposes of generating damage claims, including those set forth in the underlying case. Respondent contends that because the magistrate focused on the narrow issue of whether relator is required to register his telephone numbers on the national do-not-call registry, the magistrate ignored respondent's compelling reasons for concluding the indefinite stay overcomes relator's right to access the court.
 {¶ 7} Respondent first argues the indefinite stay appropriately resolves the underlying lawsuit because "the law does not indulge claims by those who perversely subject themselves to harm for purposes of generating damage claims." (Objections, 6.) After contextually citing the legal maxim that requires a plaintiff to minimize or mitigate damages, respondent claims relator's continuous stream of TCPA lawsuits directly results from relator's failure to list his telephone numbers on the national do-not-call registry. Respondent argues the indefinite stay was well within respondent's discretion because relator's own refusal to register subjects himself to repeated harm.
 {¶ 8} The Federal Communication Commission ("FCC") adopted the national do-not-call list "to provide residential consumers with a one-stop option to prohibit unwanted telephone solicitations." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order (2003), 18 F.C.C.R. 14014, ¶ 28. The options for managing telemarketing calls allow residential consumers to "(1) place their number on the national do-not-call list; (2) continue to make do-not-call requests of individual companies on a case-by-case basis; and/or (3) register on the national list, but provide specific companies with express permission to call them." Id. at ¶ 26. Because registering telephone numbers on the national do-not-call list is optional, relator has a right to receive unsolicited telephone calls. See id. at ¶ 29 (stating consumers have the "opportunity to determine for themselves whether or not they wish to receive telephone solicitation calls in their homes").
 {¶ 9} Although a telemarketing company has a corresponding right to solicit relator as an unregistered consumer, the telemarketing company still must comply with TCPA restrictions placed on telephone calls. See, e.g., Section 227(b), Title 47, U.S.Code. Because relator's failure to register his telephone numbers on the national do-not-call list is not a request for noncomplying telemarketing calls, relator did not invite the harm alleged in his complaint.
 {¶ 10} Respondent next argues he did not abuse his discretion because the indefinite stay protects the court's integrity and limited resources from relator's overzealous use of the court system as a "business enterprise." (Objections, 9.) Respondent contends the frequency and extensiveness of relator's TCPA lawsuits cripple the court system, and thus respondent "is legally entitled to recognize this problem and manage his docket accordingly." (Objections, 10.)
 {¶ 11} We recognize relator has persistently filed TCPA-related lawsuits in the past six years. Nonetheless, because relator is not required to register his telephone numbers on the national do-not-call list before bringing legitimate claims under the TCPA, its regulations, or the OCSPA, respondent may not deny relator access to the court on this basis. See Section 16, Article I, Ohio Constitution (stating "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay").
 {¶ 12} We do not suggest a court cannot protect its processes from abusive or frivolous litigation. See R.C. 2323.52
(preventing vexatious litigators from gaining direct and unfettered access to the trial courts). Even so, the court does not have inherent authority to unduly burden the submission oflegitimate claims. Cf. White v. Int'l Union, Plant GuardWorkers Local 16 (June 22, 1994), Montgomery App. No. 14332 (prohibiting litigant from filing frivolous lawsuits). Because the trial court does not claim relator's past and present lawsuits are frivolous, we do not discern any authority to support the trial court's indefinitely staying relator's potentially meritorious lawsuit.
 {¶ 13} Respondent also argues Ohio courts have the power to decide public policy issues. To support his argument, respondent cites to Coolidge v. Riverdale Local School Dist.,100 Ohio St.3d 141, 2003-Ohio-5357, where the Supreme Court of Ohio stated "there is no principle of judicial restraint that requires courts to refrain from deciding public-policy questions." Id. at ¶ 18. Respondent suggests courts are most competent to deal with those public policy issues that affect the court's operations and exhaust the court's limited resources. Respondent contends that because relator imposes an extraordinary burden on the court's already overburdened case docket, respondent "had more than sufficient grounds to invoke the court's power to decide matters of public policy." Id.
 {¶ 14} Respondent's argument mixes a court's ability to "decide" public-policy questions with the legislature's ability to "create" public policy. The statement in Coolidge that relator relies on relates to whether the public policy expressed in the Workers' Compensation Act creates an exception to the employment-at-will doctrine. Before addressing the legal issue, the court sanctioned a court's ability to interpret legislatively expressed public policy. See id. ¶ 18-20. Respondent's argument, however, deals with an inapposite set of circumstances: a judicially created public policy prerequisite that limits legislatively enacted claims.
 {¶ 15} "Judicial policy preferences may not be used to override valid legislative enactments, for the General Assembly should be the final arbiter of public policy." State v.Smorgala (1990), 50 Ohio St.3d 222, 223, superseded by statute on other grounds; see, also, Section 1, Article II, Ohio Constitution (vesting the legislature with power to resolve policy issues in the General Assembly). Pursuant to the rule-making authority Congress included in Section 227(c), Title 47, U.S. Code, the FCC created the national do-not-call list and formulated a policy that grants consumers the option of registering on the list to manage telemarketing calls. SeeMorton v. Ruiz (1974), 415 U.S. 199, 231 (stating that "[t]he power of an administrative agency to administer a congressionally created * * * program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress").
 {¶ 16} By requiring relator to register on the do-not-call list before bringing a TCPA-related claim, respondent effectively repeals the policy the FCC created. Respondent's judicially created public policy is therefore inapplicable to relator's underlying case because it conflicts with the FCC's policy enabling relator to independently manage and receive telemarketing calls.
 {¶ 17} Respondent finally argues the magistrate's decision failed to address his concern that relator's claims distort the intent of the TCPA laws. Respondent states the TCPA is clearly intended to protect the privacy and sanctity of the home, but relator exhibits no genuine desire to protect his residential peace and privacy. Respondent claims his stay order adheres to the TCPA's intent by protecting relator from the intrusion of unwanted telemarketing calls.
 {¶ 18} Although enacted to protect consumer privacy, the TCPA, through its administrative regulations, respects a consumer's right to individually regulate the unsolicited telemarketing calls entering his or her home. The TCPA does not mandate that consumers register on the national do-not-call list to ensure complete and total privacy. Instead, the national do-not-call list is an optional tool consumers may use in protecting their own privacy as they see fit. Relator therefore does not distort the intent of the TCPA by failing to exercise one of many options consumers may use in managing unsolicited telemarketing calls.
 {¶ 19} Accordingly, respondent's objections are overruled.
 {¶ 20} EchoStar also filed objections, contending a writ of procedendo is not warranted. For the reasons set forth above, relator has set forth a legal right to require the court to proceed and, conversely, the court's legal duty to proceed. Without an adequate remedy in the ordinary course of law, relator is entitled to a writ of procedendo ordering respondent to proceed with Charvat v. Dish TV Now, Inc., FCCP No. 04CVH12-13064 in the Franklin County Court of Common Pleas. SeeState ex. rel. Miley v. Parrott (1996), 77 Ohio St.3d 64, 65
(finding writ of procedendo appropriate when relator establishes a clear right to require the court to proceed, a clear legal duty on the part of the court to proceed, and a lack of an adequate remedy in the ordinary course of law). EchoStar's objections are overruled.
 {¶ 21} Following independent review pursuant to Civ.R. 53, we adopt the magistrate's decision, including the findings of fact and conclusions of law contained in it. Accordingly, we grant the requested writ of procedendo.
Objections overruled; writ granted.
Bryant, Sadler and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Philip J. Charvat, :
Relator, :
v. : No. 06AP-100
Richard A. Frye, Judge et al., : (REGULAR CALENDAR)
Respondents. :
 MAGISTRATE'S DECISION Rendered on June 28, 2006 Ferron Associates, John W. Ferron and Lisa A. Wafer, for relator.
Ron O'Brien, Prosecuting Attorney, Robert E. Williams andPatrick J. Piccininni, for respondent Richard A. Frye, Judge.
Benesch, Friedlander, Coplan Aronoff, LLP, Eric L. Zalud,Mark D. Tucker and Benjamen E. Kern, for respondents Dish TV Now, Inc. and EchoStar Satellite, LLC.
Chester, Wilcox Saxbe, LLP, and James D. Abrams, Amicus Curiae National Energy Marketers Association.
 ON MOTION FOR PEREMPTORY WRIT OF PROCEDENDO {¶ 22} Relator, Philip J. Charvat, has filed this original action requesting that this court issue a writ of procedendo ordering respondent Richard A. Frye, Judge of the Franklin County Court of Common Pleas, to proceed with relator's pending common pleas court action in Charvat v. Dish TV Now, Inc. et al., case No. 04CVH12-13064.
Findings of Fact:
 {¶ 23} 1. On December 13, 2004, relator filed an action in the Franklin County Court of Common Pleas against Dish TV Now, Inc., EchoStar Communications Corporation, U.S. Satellite Corporation, and U.S. Satellite TV Corporation, seeking money damages, declaratory judgment, and injunctive relief. Relator alleged certain violations of the Telephone Consumer Protection Act of 1991, Section 227, Title 47, U.S. Code et seq. ("TCPA"), and its related regulations, including 47 C.S.R. Section 64.12000; the Ohio Consumer Sales Practice Act, Ohio Revised Code1345.02(A); and certain provisions of the Ohio Administrative Code.[1]
 {¶ 24} 2. Relator later dismissed his claims against certain parties and, on July 29, 2005, with leave of the trial court, relator filed a second amended complaint which added certain parties.
 {¶ 25} 3. On December 16, 2005, the trial court put on a "show cause" order requiring relator to demonstrate why his case should not be stayed indefinitely. The court determined that relator was voluntarily placing himself into a harmful situation merely to generate a damages lawsuit, that his lawsuits imposed too great of burden on the public court system, and that relator was distorting the intent of consumer protection laws by affirmatively seeking out violations. The trial court determined that relator should place his name and telephone numbers on the national "do not call registry" before the trial court would proceed with his cause of action.
 {¶ 26} 4. Relator timely filed a response to the trial court's show cause order.
 {¶ 27} 5. On December 28, 2005, the trial court issued a journal entry ordering that relator's underlying common pleas court action be stayed indefinitely until such time as relator affirmatively demonstrates that he has placed his name and telephone numbers on the national "do not call registry."
 {¶ 28} 6. On January 30, 2006, relator filed a petition and complaint in this court seeking a writ of procedendo from this court ordering the trial court to schedule and preside over his pending common pleas court action.
 {¶ 29} 7. Relator also filed a motion for an alternative writ of procedendo which was denied as, pursuant to Loc.R. 12(C), an alternative writ will only be issued in an original action in extraordinary circumstances. The magistrate indicated that relator's procedendo action remained pending.
 {¶ 30} 8. Respondents have filed motions for judgment on the pleadings which have been denied by the magistrate.
 {¶ 31} 9. The matter is currently before the magistrate for consideration based upon the record and the briefs filed by the respective parties.
Conclusions of Law:
 {¶ 32} In the present case, there are two issues to address. First, whether the trial court abused its discretion by staying relator's underlying common pleas court action indefinitely until such time as relator places his name and telephone numbers on the national "do not call registry." Second, whether relator is entitled to a writ of procedendo ordering the trial court to proceed with his underlying common pleas court action.
 {¶ 33} It is undisputed that the determination of whether to issue a stay of proceedings rests within a trial court's discretion and that determination will not be disturbed absent a showing of an abuse of discretion. See, e.g., State ex rel.Wallace v. Tyack (1984), 13 Ohio St.3d 4. An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary, or unconscionable. See, e.g., Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 34} As stated previously, the trial court is requiring relator to register his name and telephone numbers on the national "do not call registry" as a condition precedent to the trial court proceeding with his underlying common pleas court action. The magistrate has reviewed the provisions of the TCPA and its related regulations and has found nothing that requires a plaintiff to register on the national "do not call registry" before commencing a cause of action in a trial court. Because there is no requirement that relator register his name and telephone numbers on the national "do not call registry," the magistrate finds that it is an abuse of discretion for the trial court to stay indefinitely his underlying common pleas court action until such time as he does so.
 {¶ 35} Having found that the trial court abused its discretion by staying indefinitely relator's underlying common pleas court action, the magistrate also finds that relator is entitled to a writ of procedendo ordering the trial court to proceed with his cause of action. In order to be entitled to a writ of procedendo, relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in ordinary course of the law. State ex rel. Miley v. Parrott
(1996), 77 Ohio St.3d 64. A writ of procedendo is appropriate when a trial court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 36} While the magistrate is cognizant of the time and energy which relator's underlying common pleas court action will require of the trial court, the magistrate notes that, inCharvat v. Dispatch Consumer Serv., Inc., 95 Ohio St.3d 505,2002-Ohio-2838, the Ohio Supreme Court stated that the purpose of the TCPA is to reduce the nuisance aspect of telemarketing. To the extent that relator's underlying cause of action asserts that the various named companies are violating the TCPA and its related regulations by sending unsolicited advertisements by a prerecorded voice without obtaining the prior express invitation or permission of the recipient, and, to the extent that relator can prove those facts, he is seeking to require companies to abide by the law. The fact that by placing his name on the national "do not call registry" would reduce his chances of receiving such unsolicited telephone calls does not constitute grounds to require relator to do so before proceeding to the underlying cause of action.
 {¶ 37} Based on the foregoing, it is this magistrate's conclusion that relator has demonstrated that the trial court abused its discretion by staying indefinitely his underlying common pleas court cause of action until such time as relator places his name and telephone numbers on the national "do not call registry." As such, this court should issue a writ of mandamus ordering the Franklin County Court of Common Pleas to proceed to determine relator's underlying cause of action.
[1] The TCPA provides that it is unlawful for any person to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the commission under paragraph (2)B. Section 227(b)(1)(B), Title 47, U.S.Code.